UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRES SANCHEZ,

    Plaintiff,

    v.                               CAUSE NO. 3:19-CV-950-JD-MGG

NANCY MARTHAKIS, MD, et al.,

    Defendants.

## OPINION AND ORDER

Andres Sanchez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sanchez alleges that he had a prison job with Aramark food service. On June 24, 2019, he was unloading a food truck when a pallet jack malfunctioned and dropped an entire load of more than 1000 pounds of dry food on his left foot, breaking his big toe and tearing the skin and nail off that toe. That particular pallet jack had been reported numerous times as broken and not working properly.

After the accident, Sanchez alleges that his medical care was constitutionally deficient. He received an x-ray right away, but despite the broken toe and other injuries, he did not receive pain medication or aftercare for the wound. The prison doctor, Nancy Marthakis, did not order him a cast or walking boot, and refused to put an order in for his meals to be delivered. Due to this lack of care, Sanchez's toe got infected and the break was not healing properly.

Sanchez sues the Indiana Department of Correction for providing an unsafe work environment and Dr. Marthakis for inadequate medical care. Sanchez does not state a claim against the Indiana Department of Correction, but he may proceed against Dr. Marthakis under the Eighth Amendment.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005)

2

(internal quotation marks, brackets, and citations omitted). For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). According to the complaint, although Sanchez was seen right away following the accident, he did not receive any follow-up care, which prolonged his pain and injuries. He may proceed against Dr. Marthakis.

As to the Indiana Department of Correction, the allegations of an unsafe work environment because of a faulty pallet jack do not rise to the level of a constitutional violation. Conditions of confinement must be severe to support an Eighth Amendment claim. "[A] prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation marks omitted). The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). However, "not every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize [safety regulations]. Nor does it require complete compliance with the numerous OSHA

3

regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted). Here, while the unsafe working conditions may violate state laws or regulations, it is not a sufficiently serious risk to state a claim under the federal constitution. Additionally, the Indiana Department of Correction enjoys Eleventh Amendment immunity from damages claims in federal court, *see de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019), and so it must be dismissed for that reason also.

For these reasons, the court:

(1) GRANTS Andres Sanchez leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care following his foot injury on June 24, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the Indiana Department of Correction;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) ORDERS Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 1, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT