UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRES SANCHEZ,

Plaintiff,

v.                                          CAUSE NO. 3:19-CV-950-JD-MGG

NANCY MARTHAKIS, MD,

Defendant.

OPINION AND ORDER

Before the court is a proposed amended complaint filed by Andres Sanchez, a

prisoner without a lawyer. ECF 27. At this stage of the proceedings, Sanchez needs the

other side's consent or leave of court to file an amended complaint. *See* Fed. R. Civ. P.

15(a)(2). "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H

Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not

mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir.

2009). "[C]ourts have broad discretion to deny leave to amend where there is undue

delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice

to the defendants, or where the amendment would be futile." *Id.*

In the original complaint, Sanchez alleged that he was injured on his prison job

when a pallet jack malfunctioned, and then later he received constitutionally deficient

medical care. He was granted leave to proceed "against Dr. Nancy Marthakis in her

individual capacity for compensatory and punitive damages for providing

constitutionally inadequate medical care following his foot injury on June 24, 2019, in

violation of the Eighth Amendment[.]" ECF 11 at 4. But the court determined he did not state a claim against the Indiana Department of Correction because the department could not be sued in federal court for damages under § 1983 and because the allegation of an unsafe work environment due to a faulty pallet jack was not a sufficiently severe condition of confinement to state a constitutional violation. ECF 11 at 3-4.

In his proposed amended complaint, Sanchez repeats his allegations against Dr. Marthakis and adds in two additional defendants, Lt. Cavanaugh and Wayne Pepples, alleging that they were deliberately indifferent to the risk the faulty pallet jack posed to him. ECF 27. Even construing the proposed amended complaint liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the allegations do not state a claim against the added defendants and therefore it would be futile to allow Sanchez to amend his complaint.

Sanchez alleges that while he was working for Aramark Food Services, pallet jack #0548 became unsafe. ECF 27 at ¶ 3. He says that he reported the problem to Lt. Cavanaugh and Aramark Food Director Wayne Pepples, but Lt. Cavanaugh threatened to fire him if he did not continue to work and Mr. Pepples pushed him to use the unsafe pallet jack. ECF 27 at ¶¶ 3-5. After Sanchez continued using the pallet jack, he alleges that a skid full of dry food weighing around 1000-1500 lbs. fell on his left foot, resulting in severe injuries. ECF 27 at ¶ 6.

If the severity of an injury were enough to state an Eight Amendment claim, there would be no question that Sanchez could proceed against the added defendants. But an Eighth Amendment claim requires more than just an injury; it requires a

showing that the injury was the result of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In this context, cruel and unusual punishment means a showing that prison officials were deliberately indifferent to a substantial risk of serious harm to Sanchez. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In other words, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

The allegations surrounding the pallet jack's condition do not allow a reasonable inference that Lt. Cavanaugh and Mr. Pepples were aware that it posed a substantial risk of harm to Sanchez. "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (internal quotation marks and citation omitted). The Eighth Amendment does not constitutionalize state safety codes, "[n]or does it require complete compliance with the numerous OSHA regulations." *Id*.

> This [Eighth Amendment] standard takes on added significance when applied to a prisoner's work-related *Bivens* [or § 1983] claim, since industrial settings sometimes give rise to tragic injuries such as [plaintiff's]. However, it is not the injury itself that gives rise to a *Bivens* [or § 1983] claim. Rather, in such cases courts must scrutinize whether prison officials acted or failed to act with a sufficiently culpable state of mind, in order to determine whether a prisoner's injury was the result of punishment or a tragic accident.

3

*Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997).

Sanchez's allegation that the pallet jack "became unsafe to work with," ECF 27 at ¶ 3, does not allow a reasonable inference that Lt. Cavanaugh and Mr. Pepples were aware that continuing to use it would present a substantial risk to Sanchez, even though in hindsight it did. The proposed amended complaint does not detail in what way the pallet jack was unsafe, how long the pallet jack had been broken, what Sanchez specifically communicated to Lt. Cavanaugh or Mr. Pepples about it, or the circumstances surrounding how the accident happened.

Therefore, it would be futile to allow Sanchez to file this amended complaint because his allegations against Dr. Marthakis remain unchanged and his allegations against the added defendants do not state a claim. Nevertheless, Sanchez may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court <u>with</u> a motion for leave to file an amended complaint.

For these reasons, the court:

(1) DENIES Andres Sanchez leave to file an amended complaint (ECF 27);

(2) GRANTS Andres Sanchez until **April 14, 2022**, to file an amended complaint; and

(3) CAUTIONS Andres Sanchez if he does not respond by the deadline, this case will proceed only on the current claim against Dr. Marthakis.

SO ORDERED on March 10, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT