UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDRES SANCHEZ,

　　　　Plaintiff,

　　　　v.                              CAUSE NO. 3:19-CV-950-JD-MGG

NANCY MARTHAKIS, MD,

　　　　Defendant.

OPINION AND ORDER

Andres Sanchez, a prisoner without a lawyer, filed a motion for leave to file an amended complaint. ECF 29. He is proceeding in this case on one claim "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care following his foot injury on June 24, 2019, in violation of the Eighth Amendment." ECF 11 at 4. Now he wants to add in two of his work supervisors, who he says were aware of the dangers of the faulty pallet jack that caused the injury but forced him to use it anyway. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Sanchez alleges that at the end of 2018 he began working in the Prison Dining Room at the Indiana State Prison. ECF 29-1 at 2. His job included unloading dry and frozen goods from a food delivery truck. *Id.* A few months after he started, Sanchez began noticing issues with the pallet jack he used on the job. *Id.* He began hearing a loud crackling noise from the casters on the left side of the pallet jack. *Id.* He reported this to Aramark Food Service Director, Wayne Peepples, but no action was taken. *Id.* at 2-3.

By May 2019, the caster bearing on the left side was gone, which made the wheel unable to spin. ECF 29-1 at 3. In order to move loads on the pallet jack, several inmates had to work together to push, drag, and balance the load. *Id.* Sanchez reported the problem to Director Peepples and Lieutenant Cavanaugh, the prison employee in charge of the kitchen, but no action was taken. *Id.*

Soon, the pallet jack broke completely. ECF 29-1 at 3. Sanchez relates that the pallet jack began leaking hydraulic fluid and loads started to drop down by themselves. ECF *Id.* at 4. In early June 2019, Sanchez reported to Lt. Cavanaugh and Director Peepples that pallet jack #0548 was completely broken because the caster bearing was gone, the jack leaked hydraulic fluid, and the release trigger mechanism was dropping loads while being moved. *Id.* Both supervisors allegedly told him to continue using the jack and instructed him to get more help to drag or push the loads. *Id.*

On June 24, 2019, an accident occurred while Sanchez was unloading a skid holding 25-30 fifty-pound bags of rice, weighing more than 1,000 lbs. ECF 29-1 at 5. He was on the left side of the pallet jack, trying to push the load out of the food truck, when the skid fell off the pallet truck and landed on his foot. *Id.* The load broke his foot and tore the skin and nails off his toes. *Id.*

Unsafe work conditions for prisoners can constitute cruel and unusual punishment under the Eighth Amendment. *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) there was a substantial risk of serious harm to him; and (2) the defendant acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference means that "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016).

Here, Sanchez's allegations about the faulty pallets jack establish an objectively serious risk to his safety, given the heavy loads he was required to move with unsafe equipment. He has plausibly alleged that Director Peepples and Lt. Cavanaugh were informed of the problems with the pallet jack, and their decision to have the inmates

keep using it could be considered deliberate indifference. Sanchez will be allowed to proceed on an Eighth Amendment claim against them.

Although, Sanchez's amended complaint adding two new defendants falls outside the two-year statute of limitations applicable to this case, *see Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001), the court finds that equitable tolling is appropriate here. The federal doctrine of equitable tolling provides that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993) (quotation marks and citation omitted). Here, Sanchez filed his original complaint well within the statute of limitations. But it was not screened and deficiencies in the claim regarding the faulty pallet jack were not identified until after the statute of limitations had expired. When delay is caused not by the plaintiff but by the realities of the court's own procedures, tolling may be necessary to prevent injustice. *See, e.g.*, *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (*en banc*) (finding equitable tolling warranted when an otherwise diligent plaintiff could not amend her complaint to include new claims "due solely to the delay inherent" in the court's procedures); *see also Holland v. Florida*, 560 U.S. 631, 650 (2010) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 248 (1944) (courts of equity are enabled "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices"). The facts of this case show that Sanchez could not have been reasonably expected to file an amended complaint within the statutory period.

The allegations against Dr. Nancy Marthakis remain unchanged in the amended complaint. He alleges that, although he was seen right away after the accident, Dr. Marthakis denied authorization for pain medication or after wound care. ECF 29-1 at 6. As a result, he suffered a prolonged infection and extreme pain, and his broken toes did not heal properly. *Id.*

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually

5

did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Sanchez's allegations continue to state a claim against Dr. Marthakis.

This order adds two new defendants to the already-served defendant, who has entered an appearance and answered the original complaint. Therefore, service of the amended complaint on Dr. Marthakis' attorney is permitted by Federal Rule of Civil Procedure 5(a)(1)(B) and 5(b)(1). The claim against Dr. Marthakis is unchanged. Therefore, she does not need to file an answer to the amended complaint. On the other hand, the new defendants will be served by the United States Marshals Service unless they waive service. The new defendants must also respond to the amended complaint.

For these reasons, the court:

(1) GRANTS the motion to amend the complaint (ECF 29);

(2) DIRECTS the clerk to separately docket the proposed amended complaint (ECF 29-1) as an amended complaint;

(3) GRANTS Andres Sanchez leave to proceed against Lt. Cavanaugh and Aramark Food Director Wayne Peepples in their individual capacities for compensatory and punitive damages for making him use an unsafe pallet jack to move heavy loads, resulting in an injury to his foot on June 24, 2019, in violation of the Eighth Amendment;

(4) GRANTS Andres Sanchez leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care following his foot injury on June 24, 2019, in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Cavanaugh and Wayne Peepples at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 29-1);

(7) ORDERS the Indiana Department of Correction and Aramark Food Services to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Cavanaugh and Wayne Peepples to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 20, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT