UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRES SANCHEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-950-JD-MGG |
| NANCY MARTHAKIS MD, et al., | |
| Defendants. | |

OPINION AND ORDER

Andres Sanchez, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Lt. Cavanaugh and Aramark Food Director Wayne [Peeples] in their individual capacities for compensatory and punitive damages for making him use an unsafe pallet jack to move heavy loads, resulting in an injury to his foot on June 24, 2019, in violation of the Eighth Amendment[.]" ECF 30 at 6. Second, he is proceeding "against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for providing constitutionally inadequate medical care following his foot injury on June 24, 2019, in violation of the Eighth Amendment[.]" *Id.* Lt. Cavanaugh and Food Director Peeples (the "state defendants") filed a motion for summary judgment, arguing Sanchez did not exhaust his administrative remedies before filing suit.[1] ECF 44. Sanchez filed a response. ECF 60. The state defendants filed a

---

[1] Dr. Marthakis has not moved for summary judgment.

reply. ECF 65. The state defendants' summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis

added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The state defendants argue Sanchez did not exhaust his administrative remedies prior to filing this lawsuit because he never submitted any timely grievance regarding his allegation they made him use an unsafe pallet jack on June 24, 2019. ECF 46 at 4-10. Specifically, the state defendants provide evidence showing the following: On July 11, 2019, Sanchez submitted two grievances related to his June 24 injury. ECF 44-1 at 6-7; ECF 44-4; ECF 44-6. In the first grievance, Sanchez complained he injured his foot on

3

June 24 after the state defendants forced him to use an unsafe pallet jack to move heavy loads, and requested as relief that he receive properly working equipment and a safe work environment. ECF 44-4. In his second grievance, Sanchez complained he received inadequate medical care following his June 24 foot injury, and requested as relief that he receive adequate medical treatment. ECF 44-6. Both of these grievances listed an incident date of June 24, 2019. ECF 44-4; ECF 44-6. On July 17, 2019, the grievance office rejected both of these grievances as untimely because they were submitted more than ten business days after June 24.[2] ECF 44-1 at 7; ECF 44-5; ECF 44-7. On July 25, 2019, the grievance office received a third grievance from Sanchez, which was similar to his first grievance but changed the incident date from June 24 to June 27. ECF 44-1 at 7-8; ECF 44-8. Also on July 25, 2019, the grievance office received a fourth grievance from Sanchez, which was identical to his second grievance but changed the incident date from June 24 to June 27. ECF 44-1 at 8-9; ECF 44-10. On July 30, 2019, the Grievance Specialist rejected Sanchez's third and fourth grievances as untimely and as duplicative of Sanchez's first and second grievances. ECF 44-1 at 8-9; ECF 44-9; ECF 44-11. Because Sanchez does not dispute these facts, the court accepts them as undisputed.

The state defendants argue the grievance office properly rejected Sanchez's grievances as untimely because he submitted them more than ten business days after June 24. In his response, Sanchez does not dispute that he waited more than ten

---

[2] The Offender Grievance Process provides that an offender wishing to submit a grievance shall submit a completed grievance form "no later than ten (10) business days from the date of the incident giving rise to the complaint or concern" and that the grievance office may reject any grievance form that is not submitted within the ten-business-day time limit. ECF 44-2 at 9-10.

4

business days after his June 24 injury to submit his grievances. However, he argues the grievance office improperly rejected his grievances as untimely because, although the injury to his foot occurred on June 24, the denial of medical care occurred on June 27 and was ongoing at the time he submitted his grievances. ECF 60 at 9-10, 13-19. However, this argument is relevant only to Sanchez's claim against Dr. Marthakis, and is not relevant to his claim against the state defendants. Specifically, while Sanchez's claim against Dr. Marthakis may have been ongoing at the time he submitted his grievances, his claim against the state defendants related to a single incident that occurred on June 24. *See* ECF 30 at 6 (allowing Sanchez to proceed against the state defendants for "making him use an unsafe pallet jack to move heavy loads, resulting in an injury to his foot on June 24, 2019"). Thus, the undisputed evidence shows the grievance office properly rejected Sanchez's grievances against the state defendants as untimely because he submitted them more than ten business days after the incident giving rise to the complaint.

Sanchez raises two additional arguments that must be addressed. First, Sanchez argues he lacked adequate knowledge of the grievance process because he was not aware until recently that IDOC had a Spanish version of the grievance process available for Spanish-speaking inmates. ECF 60 at 11-13. But this argument is insufficient to create a genuine dispute regarding whether Sanchez had knowledge of the grievance process, as Sanchez does not explain how he misunderstood the grievance process in a way that prevented him from exhausting his remedies against the state defendants. Specifically, Sanchez's grievance history shows he fully exhausted numerous grievances

5

prior to June 24, 2019 (ECF 44-3), and Sanchez has not explained how a language barrier prevented him from exhausting on this occasion. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"). Second, Sanchez argues he attempted to exhaust his administrative remedies by filing a notice of tort claim with the Attorney General's office. ECF 60 at 19-20. But Sanchez provides no evidence that submitting a tort claim to the Attorney General's office is a valid substitute for exhausting the Offender Grievance Process. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

Accordingly, because the undisputed evidence shows the grievance office properly rejected Sanchez's grievances against the state defendants as untimely, and Sanchez has not shown the grievance process was unavailable or that he satisfied the requirements of the grievance process by submitting a tort claim with the Attorney General's office, the state defendants have met their burden to show Sanchez did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the state defendants' motion for summary judgment (ECF 44); and

(2) REMINDS the parties this case is now proceeding only on Sanchez's remaining claim "against Dr. Nancy Marthakis in her individual capacity for

6

compensatory and punitive damages for providing constitutionally inadequate medical care following his foot injury on June 24, 2019, in violation of the Eighth Amendment."

SO ORDERED on December 16, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT